UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **SOLOMON ELIAS NIRAY** | **CASE NO.  1:26-CV-00460 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SHAD RICE ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## ORDER

Before the Court is an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 5) wherein Petitioner, a citizen and national of Ethiopia informs the Court that he had been detained by the U.S. Department of Homeland Security ("DHS") since September 26, 2024, but had been granted a withholding of removal to Ethiopia in the future.  Plaintiff was found presumptively ineligible for asylum under the Circumvention of Lawful Pathways ("CPL") bar.

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

Petitioner seeks immediate relief in the form of an order prohibiting his removal so that he may "have his day in court" concerning his challenge to the scheduled removal to Cameroon and detention. To the extent petitioner seeks to expedite a detention hearing, the court considers this to be a shortcut around the habeas process.

The Motion was filed on February 13, 2026, and docketed later that afternoon. In his motion, Petitioner moved the Court to issue a temporary restraining order to prevent his removal to Cameroon that was apparently scheduled for February 15, 2026. The Court notes that Monday, February 16, 2026, was a federal holiday and the federal courthouse was closed on February 17, 2026, for security reasons. Be that as it may, because the February 15, 2026, scheduled deportation has passed, the request for a temporary restraining order is now moot. Accordingly,

**IT IS ORDERED** that the Emergency Motion for Temporary Restraining Order is **DENIED** as **MOOT** (Doc. 5), and the matter will proceed before the Magistrate Judge for adjudication through an expedited briefing schedule, to be determined at the magistrate judge's discretion.

**THUS DONE AND SIGNED** in chambers on this 20th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**