**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SOLOMON ELIAS NIRAY** | **DOCKET NO. 1:26-cv-0460** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SHAD RICE, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Solomon Elias Niray on February 13, 2026. [Doc. 1]. At the time of filing, Niray was an inmate in the custody of the Bureau of Prisons and incarcerated at the Alexandria Staging Facility in Rapides Parish, Louisiana. Niray has since been removed or released from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because Niray's claims are **MOOT**.

### I.    BACKGROUND

Niray, a native and citizen of Ethiopia, filed the instant petition, seeking the issuance of a writ of habeas corpus directing his release from custody. While this matter was pending, he was removed or released from custody. *See* Online Detainee Locator System search results, https://locator.ice.gov/odls/#/results.

### II.    LAW & APPLICATION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396

(quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted).

"[T]o be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969)). A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Id.* at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)); *see also Kokoski v. Fox,* 2012 WL 4321717, at *3 (E.D. Tex. Aug. 6, 2012) ("A case may become moot when an 'intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome.'") (quoting *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)).

Niray only challenged the lawfulness of his continued detention. Because the Online Detainee Locator System results show that Niray is no longer detained and has either been removed from the United States or released from custody, the Section 2241 petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of

detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). It should therefore be dismissed.

### III.   CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus [Doc. 1] should be **DENIED AND DISMISSED** because petitioner Solomon Elias Niray's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 10th day of March, 2026.

David J. Ayo
United States Magistrate Judge

-3-